UNITED STATES of America

v.

Ahmed Muse **SALAD**, Abukar Osman Beyle, Shani Nurani Shiekh Abrar, Mohamud Hirs Issa Ali, Mohamud Salad Ali, Mounir Ali, Jilani Abdiali, Said Abdi Fooley, Muhidin Salad Omar, Mahdi Jama Mohamed, Burhan Abdirahman Yusuf, Abdi Jama Aqid, Ahmed Sala Ali Burale, and Ali Abdi Mohamed, Defendants.

Criminal No. 2:11cr34.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 11, 2011.

**510**

Benjamin L. Hatch, Brian J. Samuels and Joseph E. DePadilla, for Government.

Larry M. Dash and Paul G. Gill, for Ahmed Muse Salad.

Lawrence H. Woodward, Jr., for Abukar Osman Beyle.

Stephen A. Hudgins, for Shani Nurani Shiekh Abrar.

Jon M. Babineau, for Mohamud Hirs Issa Ali.

David W. Bouchard, for Mohamud Salad Ali.

James R. Theuer, for Mounir Ali.

James E. Short, for Jilani Abdiali.

David M. Good, for Said Abdi Fooley.

John C. Gardner, for Muhidin Salad Omar.

William J. Holmes, for Mahdi Jama Mohamed.

Robert B. Rigney, for Burhan Abdirahman Yusuf.

Richard S. Yarow, for Abdi Jama Aqid.

Melinda Ruth S. Glaubke, for Ahmed Sala Ali Burale.

Harry Harmon, for Ali Abdi Mohamed.

### *ORDER*

MARK S. DAVIS, District Judge.

This matter is currently before the Court on a motion filed by the Government on March 21, 2011 to certify this matter as "complex," within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) of the Speedy Trial Act (the "Act"), and to continue the date of trial in this matter. Counsel for Defendant Mahdi Jama Mohamed filed a response on March 29, 2011, opposing both aspects of the Government's motion. The Government filed no reply. After examination of the briefs and the record, and no request having been made by any party to present additional evidence or information, the Court has determined that a hearing on the instant motion is unnecessary, as the facts and legal arguments are ade-

quately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated herein, the Court **GRANTS** the Government's motion, certifies this matter as "complex" for purposes of the Act, and continues trial in this matter to November 29, 2011.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

This matter relates to the alleged hijacking of "an American yacht named the Quest" in February 2011, in the course of which the four U.S. citizens on board (Scott Underwood Adam, Jean Savage Adam, Phyllis Patricia Macay, and Robert Campbell Riggle) were allegedly held hostage for ransom by Defendants, and ultimately killed. Docket No. 3 at 5–6. By indictment filed under seal on March 8, 2011, and subsequently unsealed on March 10, 2011, the Government has charged each of the fourteen Defendants in this matter with three felony counts: Count 1, Piracy Under the Law of Nations, in violation of 18 U.S.C. §§ 1651 and 2; Count 2, Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. §§ 1201(c) and 3238; and Count 3, Possessing, Using, Carrying, Brandishing, and Discharging a Firearm (to wit, a rocket-propelled grenade, a destructive device) During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 3238, and 2. Count 1 is alleged to have occurred on the high seas, and Counts 2 and 3 are alleged to have occurred in the special maritime and territorial jurisdiction of the United States. Trial in this matter is currently scheduled to commence on May 17, 2011.

## II. STANDARD OF REVIEW

### A. The Speedy Trial Act

The Act, which is codified at 18 U.S.C. §§ 3161–74, requires in relevant part that:

[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act also provides that certain "periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence." *Id.* § 3161(h). One such period of delay to be excluded is:

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A). The Act further enumerates several "factors, among others, which a judge shall consider in determining whether to grant" such a continuance. *Id.* § 3161(h)(7)(B). The statutory factor relied upon by the Government in the instant motion is:

[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*Id.* § 3161(h)(7)(B)(ii).

## B. The Sixth Amendment

■ The fundamental constitutional right underlying the Act's provisions is, of course, the guarantee provided by the Sixth Amendment to the U.S. Constitution that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. A defendant may assert a violation of his Sixth Amendment right to a speedy trial independently of a claimed violation of his statutory rights under the Act. *See, e.g., United States v. Hall,* 551 F.3d 257, 271 n. 17 (4th Cir.2009) (distinguishing between the defendants' asserted constitutional speedy trial claim and their "passing ... contention that [the] delay [at issue in that case] violated the Speedy Trial Act"); *United States v. Thomas,* 55 F.3d 144, 147–51 (4th Cir.1995) (addressing the defendant's statutory and constitutional speedy trial claims serially, in separate sections); *United States v. Zandi,* 769 F.2d 229, 234 n. 8 (4th Cir.1985) (noting the defendants' exclusive reliance on their statutory speedy trial rights under the Act).

■ "To establish a violation of the Sixth Amendment right to a speedy and public trial, a defendant must show first that the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation.'" *Thomas,* 55 F.3d at 148 (quoting *Doggett v. United States,* 505 U.S. 647, 655, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)). The United

States Supreme Court has "identif[ied] some of the factors which courts should assess in determining whether a particular defendant has been deprived of his [constitutional] right" to a speedy trial: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These factors figure into "[a] balancing test [that] necessarily compels courts to approach speedy trial cases on an ad hoc basis." *Id.*

## III. ANALYSIS

### A. The Government's Position

In the instant motion, the Government provides several potential bases for certifying this matter as "complex" for purposes of the Act. First, the Government explains that "[t]he collection of evidence and responses to defense discovery requests will require coordination with the United States Navy, including potentially elements of the United States Navy that remain deployed across the world." Docket No. 99 at 2. Second, the Government "anticipates that at least the discovery stage of this case may involve classified information, which would require defense counsel to obtain clearances and may result in proceedings pursuant to the Classified Information Procedures Act, Title 18, United States Code, App. III" ("CIPA"). *Id.* Third, the Government "anticipates that defense counsel will require the assistance of a Somali interpreter to communicate with their clients; the United States will also require the assistance of a Somali interpreter to the extent that evidence in the case is communicated in the Somali language," and the Government notes that "Somali interpreters are not common in the Norfolk area." *Id.* For those reasons, the Government asserts that a trial date "around April 2, 2012 would allow the par-

ties sufficient time to prepare for trial."
*Id.*

## B. The Defendants' Positions

The Government represents in its motion that eight of the fourteen Defendants—Ahmed Muse Salad, Abukar Osman Beyle, Shani Nurani Shiekh Abrar, Mohamud Hirs Issa Ali, Mohamud Salad Ali, Jilani Abdiali, Said Abdi Fooley, and Ahmed Sala Ali Burale—do not oppose the instant motion. Docket No. 99 at 2. The Government also represents that Defendants Mounir Ali and Mahdi Jama Mohamed oppose the instant motion, *id.;* as noted above, Defendant Mahdi Jama Mohamed's counsel has filed a written response opposing the instant motion. The Government further represents that Defendant Muhidin Salad Omar opposes only "the suggested duration of the continuance," and that the other Defendants—Burhan Abdirahman Yusuf, Abdi Jama Aqid, and Ali Abdi Mohamed—"have not indicated a position." *Id.*

The response filed by counsel for Defendant Mahdi Jama Mohamed argues "that this case is not so unusual or complex that more than a year would be required to be prepared for trial." Docket No. 111 at 1. He also argues that, unlike cases involving numerous wire intercepts, extensive surveillance recordings, or voluminous documentary records, the instant matter has been described as an " 'open and shut case' " by the Government, which "apparently has several eyewitnesses, a video and various confessions and/or admissions from the Defendants." *Id.* at 1–2. Moreover, since "[a]ll of the prospective witnesses in this case appear to be U.S. Navy personnel," this Defendant argues that "they are readily available to this Court and very easy to locate and to coordinate their court appearances." *Id.* at 2. In response to the Government's proffered bases for certifying this matter as "complex" for purposes of the Act, this Defendant argues that (1) the Government must coordinate with other agencies and organizations, such as the U.S. Navy, in virtually every case in this Court, (2) the Government has not affirmatively stated that classified information *will,* in fact, be implicated in this matter, and many of the defense counsel in this matter have already obtained security clearances, and (3) the Court is already undertaking efforts to ensure the availability of Somali interpreters for assistance in this matter. *Id.* at 2–4.

## C. The Court's Statutory Analysis

### 1. Logistical Considerations

With regard to the discovery-related logistical challenges posed by this matter, the Court acknowledges that the alleged acts of piracy and other criminal activity underlying the charges in the indictment occurred on the high seas and involved a U.S. Navy vessel, the *USS Sterett.* As both the Government and counsel for Defendant Mahdi Jama Mohamed acknowledge, the parties may require evidence or information from that vessel and its crew. It may also be necessary for counsel to seek information and evidence from outside the United States as a result of the location of the crimes alleged. These facts therefore present greater logistical difficulties than the usual case. *See, e.g., United States v. Hasan,* Crim. No. 2:10cr56, slip op. at 2 (E.D.Va. May 21, 2010) (granting the Government's motion to certify case as complex and continue trial date because, *inter alia,* the parties required information and evidence from a U.S. Navy vessel and its crew); *United States v. Said,* Crim. No. 2:10cr57, slip op. at 2 (E.D.Va. May 5, 2010) (same).

### 2. The Potential Involvement of CIPA

With regard to the issue of classified information, counsel for Defendant Mahdi Jama Mohamed is correct to point out that

the Government did not definitively state in the instant motion that such information *will* be implicated in this matter, either in discovery or at trial. It is also true that many—though counsel for this Defendant notably does not claim *all*—defense counsel involved in this matter, as well as Court staff, have previously obtained security clearances. However, it is unclear at this point if such prior security clearances would suffice for any classified information that might be implicated in this matter, and there remains the possibility that proceedings pursuant to CIPA will be necessary.

"Implementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery obligations." *United States v. Warsame*, Crim. No. 04-29(JRT), 2007 WL 748281, at *3 (D.Minn. Mar. 8, 2007) (discussing the court's prior decision in that case to grant the Government's motion for a continuance beyond the Act's time period on the basis of, *inter alia*, the involvement of CIPA in the case); *accord Hasan*, Crim. No. 2:10cr56, slip op. at 2 (E.D.Va. May 21, 2010) (granting the Government's motion to certify case as complex and continue trial date because, *inter alia*, of the potential involvement of CIPA in the case); *Said*, Crim. No. 2:10cr57, slip op. at 2 (E.D.Va. May 5, 2010) (same). The claim made by Defendant Mahdi Jama Mohamed's counsel that "[i]n the recently concluded trial of five defendants accused of piracy, no classified information was involved or presented," Docket No. 111 at 3 (referring to trial in the *Hasan* case), has no bearing whatsoever on whether such information will be implicated in this separate, and apparently unrelated, case. Although the mere possibility of the involvement of classified information in a case might not suffice, by itself, to justify a continuance beyond the

Act's time period, it certainly remains a relevant factor in this matter in light of the other circumstances discussed herein.

### 3. The Need for Somali Interpreters

With regard to the issue of the availability of Somali interpreters, counsel for Defendant Mahdi Jama Mohamed correctly points out that efforts are currently being made to ensure sufficient availability of interpreters to counsel for the Government and for Defendants. Docket No. 111 at 3–4. However, such efforts do not change the fact that the need for the assistance of interpreters, even when readily available, can make the process of client consultation and case preparation quite time consuming. *See, e.g., Hasan*, Crim. No. 2:10cr56, slip op. at 3 (E.D.Va. May 21, 2010) (granting the Government's motion to certify case as complex and continue trial date because, *inter alia*, of the need for a Somali interpreter for five defendants); *Said.* Crim. No. 2:10cr57, slip op. at 2 (E.D.Va. May 5, 2010) (same issue for six defendants); *cf. United States v. Bravo-Zamora*, Crim. Action No. 1:09cr109-MHT, 2009 WL 2432680, at *1 (M.D.Ala. Aug. 7, 2009) (noting among the reasons for continuing a trial date beyond the Act's time period the need for an interpreter for several witnesses).

### 4. The Number of Defendants and Alleged Offenses

The Court also notes that this matter currently involves fourteen Defendants, each with his own counsel: an atypically large number of defendants in a single criminal matter. Although the indictment contains only three counts, which all stem from the same alleged course of events, at trial each count will require proof of different elements with respect to each of the fourteen Defendants. These facts will doubtless make preparation for trial in this matter, as well as the trial itself, quite

lengthy. *See, e.g., United States v. Reavis,* 48 F.3d 763, 770–71 (4th Cir.1995).

**5. Conclusion with Respect to the Act**

■ On the basis of the foregoing analysis, the Court finds this case to be "so unusual [and] so complex, due to the number of defendants, the nature of the prosecution, [and] the [potential] existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Consequently, the Court will certify this matter as "complex" for purposes of the Act, and turns now to the issue of the appropriate length of time by which to continue trial in this matter.

**D. The Length of the Continuance**

As noted above, the Government requests in the instant motion that trial in this matter be continued for approximately one year, to April 2, 2012. Although the Court is inclined to continue trial by some amount of time based upon the indictment and the facts currently before the Court, the Government has simply not provided an adequate basis in the instant motion to justify such an extraordinarily lengthy continuance.

The Court considers the recent *Hasan* case to be the most comparable example. That case involved alleged acts of piracy against a U.S. Navy ship by five Somali defendants (all of whom required interpreters), an original indictment alleging six counts against each defendant, a superseding indictment alleging fourteen counts against each defendant, extensive pre-trial motion practice, multiple pre-trial hearings, issues relating to CIPA, and novel questions of law. Despite the complexity and logistical challenges of that case, the time from the initial filing of the indict-ment to the first day of trial amounted to less than seven months.

■ At this juncture, it is not yet clear whether pre-trial motion practice in this matter will be as extensive as such practice was in the *Hasan* case, or whether this matter will actually involve classified information requiring proceedings pursuant to CIPA. Moreover, unlike *Hasan,* the Government has, to date, filed no superseding indictment in the instant matter. Should any such developments occur in this matter, the Court certainly would entertain a renewed motion at the appropriate time for a further continuance of the trial date. However, in the current procedural posture of this matter, the Court cannot justify granting more than an approximately six-month continuance from the current trial date.

**E. The Court's Sixth Amendment Analysis**

The Court notes that Defendant Mahdi Jama Mohamed claims to oppose the Government's instant motion on both statutory *and* constitutional grounds, albeit without discussion of, or even explicit reference to, the factors enumerated by the Supreme Court in *Barker. See* Docket No. 111 at 1 ("The request for a year delay in the trial would be tantamount to depriving the Defendant of his constitutional and statutory right to a speedy trial."). Of course, the foregoing analysis of the statutory grounds has already addressed in large part the factors that the Court "should assess in determining whether a particular defendant has been deprived of his [constitutional] right" to a speedy trial. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182. However, to the extent not explicitly indicated above, the Court makes the following findings.

■ First, the length of the continuance granted by this Order is neither unreasonable nor unduly prejudicial in light of the

scale, complexity, and gravity of this matter, and the need for counsel for the Government and for Defendants to prepare adequately. Second, the reasons for delay discussed above accurately reflect the current state of affairs in this matter, and neither the Government nor Defendants are to blame for such delay. Third, the Government has represented, without objection or contradiction from any Defendant, that eight of the fourteen Defendants in this matter do not oppose the instant motion, and only three of the fourteen Defendants have indicated opposition to it, in whole or in part. Docket No. 99 at 2. Of those three, only one has, through counsel, filed a written response opposing the instant motion. *See* Docket No. 111. Finally, any prejudice suffered by Defendants from a six-month delay is outweighed by the benefit they and the public will receive from ensuring that there is no rush to judgment in this complex case involving the alleged kidnapping—and, ultimately, the deaths—of four U.S. citizens. Therefore, the Court concludes that the continuance granted by this Order does not violate the Sixth Amendment's guarantee of a "speedy and public trial." U.S. Const. amend. VI.

## IV. CONCLUSION

For all of the foregoing reasons, the Court finds that the ends of justice served by granting the Government's request for a continuance outweigh the best interest of the public and Defendants in a speedy trial in this matter. Consequently, on the basis of those findings, the Court **GRANTS** the Government's motion, certifies this matter as "complex," within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) of the Act, and continues trial in this matter to November 29, 2011.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel for the Government and for each Defendant.

**IT IS SO ORDERED.**